IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OSCAR FLORES ESPAÑA, *a minor*,

    Plaintiff,

v.

M. YVONNE EVANS, NATIONAL JUVENILE COORDINATOR FOR U.S. IMMIGRATION, and THE DEPARTMENT OF HOMELAND SECURITY,

    Defendants.

Case No. 07 C 6329

(Judge to be Assigned)

## EMERGENCY MOTION FOR HEARING ON COMPLAINT FOR MANDAMUS RELIEF

Plaintiff, Oscar Flores España ("Flores"), by and through his attorneys, moves this Honorable Court for an emergency hearing seeking mandamus relief against Defendants M. Yvonne Evans, Chief of Juvenile and Family Residential Management Unit, Immigration and Customs Enforcement, Office of Detention and Removal Operations ("Evans"), and The Department of Homeland Security ("DHS"), and in support thereof, states as follows:

### INTRODUCTION

This action arises under Section 101(a)(27)(J) of the Immigration and Nationality Act (the "INA") (8 U.S.C. § 1101(a)(27)(J)), which provides for special immigrant status to certain alien minors.[1] The "statute sets forth a four-step process by which a minor alien may achieve [special immigrant juvenile ("SIJ")] status," the first of which is to obtain special consent from

---

[1] Congress created the "Special Immigrant Juvenile" status "in 1990 to protect abused, neglected, or abandoned children who . . . illegally entered the United States." *Yeboah v. U.S. Dept. of Justice*, 345 F.3d 216, 221 (3d Cir. 2003). "Congress provided an alternative to deportation for these children. Rather than being deported along with abusive or neglectful parents, or deported to parents who had abandoned them once in the United States, such children may seek special status to remain in the United States." *Id.*

the Department of Homeland Security ("DHS") to petition a state court for an order of dependency. *A.A.-M v. Gonzales*, 2005 WL 3307531, at *1 (W.D. Wash. Dec. 6, 2005); *see also Zheng v. Pogash*, 416 F. Supp. 2d 550, 554 (S.D. Tex. 2006). Despite meeting all criteria for entitlement to specific consent, Oscar Flores España ("Flores") is in imminent danger of never making it past the first step.

Time is a luxury Flores does not have. A state court must enter the dependency order before Flores' 18th birthday—November 14, 2007—or his ability to apply for SIJ status will be permanently foreclosed. Flores must seek court intervention given DHS' failure to act within the time requested or else suffer the permanent irreparable harm that will result if he is foreclosed from seeking to apply for SIJ status. We, therefore, respectfully request that this Court enter an order directing Defendants Evans and DHS to issue the specific consent required to permit Flore to petition an Illinois juvenile court for a dependency order. It is vital that this Court note that the relief sought will only enable Flores to begin the long process of seeking SIJ status. The requested relief will in no way provide or adjudicate Flores' final immigration status.

It is worth noting that Flores' predicament is precisely the type that a state court should evaluate to determine whether an order of dependency is justified. *See Yeboah*, 345 F.3d at 221 (stating that SIJ status was created "in 1990 to protect abused, neglected, or abandoned children who . . . illegally entered the United States").

## ARGUMENT

The road to SIJ status is long. Indeed, a juvenile under the age of 21 must follow a four-step process set forth by the INA in order to obtain SIJ status. *See* 8 U.S.C. § 1101(a)(27)(J). First, if a minor is in DHS custody, as is Flores, he must request and obtain "specific consent" from a single individual employed by DHS to proceed before a State juvenile court. *Id.* at § 1101(a)(27)(J)(iii)(I). Assuming that the minor receives "specific consent," the relevant state

court must hold proceedings to determine and declare (1) the minor dependent on the court and commit him to long-term foster care due to abuse, abandonment or neglect, *id.* at §§ 1101(a)(27)(J)(i)-(ii), and (2) that it is not in the minor's "best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence," *id.* at § 1101(a)(27)(J)(ii). The state court then issues a dependency order if it answers both of these inquiries in the affirmative. The issuance of the dependency order is not the end of the process. Instead, the minor must then request DHS' express consent to the dependency order. *Id.* at § 1101(a)(27)(J)(iii). To determine whether to grant its express consent, DHS re-reviews the request for SIJ status and the process used to obtain the dependency order to ensure that "the request for SIJ classification is bona fide." William Yates, Memorandum #3 – Field Guidance on Special Immigrant Juvenile Status Petitions, at 2 (May 27, 2004) (noting that "express consent is an acknowledgment that the request for SIJ classification is *bona fide*.").

DHS' failure to act within the requested time is the functional equivalent of denying him the special consent to which he is otherwise entitled. This agency inaction is itself arbitrary and capricious given the very real legal consequences it creates for Flores.

Federal courts have jurisdiction where, as is the case here, DHS withholds its specific consent to state court jurisdiction. *Yeboah*, 345 F.3d at 220, (holding that the district court had jurisdiction to review the Attorney General's denial of an alien's request for consent to a state juvenile dependency hearing); *M.B. v. Quarantillo*, 301 F.3d 109, 113 (3d Cir. 2002) (finding that there was sufficient guidance for the court to determine whether the INS acted arbitrarily and capriciously, and holding that the court had jurisdiction "to review the validity of the INS's refusal to yield jurisdiction to the juvenile court"); *Zheng*, 416 F. Supp. 2d at 556-557 (same); *F.L. v. Thompson*, 293 F. Supp. 2d 86, 92-93 (D.D.C. 2003) (holding that an alien minor could

bring an action under the APA, seeking declaration and temporary restraining order requiring government to issue a decision on his request for consent to request state juvenile court to exercise jurisdiction over him). The Court's jurisdiction derives from the Administrative Procedure Act ("APA"), which authorizes federal district courts to review "final agency actions," which are definitive and have a direct and immediate impact on the party challenging the action. 5 U.S.C. §§ 704-706.

A writ of mandamus commands the officer or body to whom it is directed to perform a specific duty to which the petitioner is entitled by right. *People ex rel. Rappaport v. Drazek*, 30 Ill.App.3d 310, 332 N.E.2d 532 (1st Dist., 1975). To state a claim for mandamus, the plaintiff must show that (1) he has a clear right to the relief sought, (2) the defendant has a clear duty to perform, (3) and no other adequate remedy is available. *Patrick v. City of Chicago*, 2007 WL 951901 (N.D. Ill, Mar. 28, 2007). The Emergency Complaint for Mandamus Relief and the exhibits attached thereto plainly satisfy these elements and should lead this Court to grant the emergency relief requested.

WHEREFORE, Plaintiff, Oscar Flores España respectfully requests that this Court grant him an emergency hearing on his Complaint for Mandamus Relief against defendants M. Yvonne Evans, Chief of Juvenile and Family Residential Management Unit, Immigration and Customs Enforcement, Office of Detention and Removal Operations, and The Department of Homeland Security, and enter an order directing them to issue the specific consent required for state court jurisdiction on November 8, 2007 and for such other and further relief that the Court deems equitable and just.

Dated: November 8, 2007

Respectfully submitted,

By: _____
Rosa M. Tumialán, ARDC # 6226267
rtumialan@dykema.com
Katharine N. Dunn, ARDC# 6282789,
kdunn@dykema.com
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700
*Attorneys for Plaintiff Oscar Flores España*